DAVID BEN-MEIR (CAL. BAR NO. 192028)
**NORTON ROSE FULBRIGHT US LLP**
555 South Flower Street
Forty-First Floor
Los Angeles, California  90071
Telephone:    (213) 892-9200
Facsimile:    (213) 892-9494
david.ben-meir@nortonrosefulbright.com

ROBERT GREESON (*pro hac vice application to be filed*)
**NORTON ROSE FULBRIGHT US LLP**
2200 Ross Avenue, Suite 3600
Dallas, Texas  75201-7932
Telephone:    (214) 855-8000
Facsimile:    (214) 855-8200
robert.greeson@nortonrosefulbright.com

Attorneys for Plaintiffs
INTERAXON INC. AND INTERAXON U.S., INC.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| InteraXon Inc. and InteraXon U.S., Inc.,<br><br>Plaintiffs,<br><br>v.<br><br>NeuroTek, LLC, MindWaves, LTD., and Jonathan D. Cowan,<br><br>Defendants. | Civil Action No.: 15-5290<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT AND INVALIDITY OF U.S. PATENT NO. 5,983,129**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs InteraXon Inc. and InteraXon U.S., Inc. (collectively referred to as "InteraXon") seek a declaration of non-infringement and a declaration of invalidity with respect to U.S. Patent No. 5,983,129 (the "'129 Patent").

DOCUMENT PREPARED ON RECYCLED PAPER

## NATURE OF THE ACTION

1. This is an action for a declaratory judgment of non-infringement and invalidity arising under the Declaratory Judgment Act, 28 U.S.C. § 2201, and the patent laws of the United States, 35 U.S.C. §§ 100 *et seq.* As discussed herein, NeuroTek, LLC ("NeuroTek"), MindWaves, Ltd. ("MindWaves"), and Jonathan D. Cowan ("Cowan") (individually and collectively "Defendants") have, for more than one year, alleged that InteraXon infringes the '129 Patent. Defendants' allegations of infringement have been accompanied by, among other things, a cease and desist demand directed to InteraXon and offers to license the '129 Patent. Defendants have also repeatedly threatened to interfere with InteraXon's business and its business relationships should it not comply. Aside from their infringement allegations, Defendants have threatened to make inflammatory statements about InteraXon to its business contacts and have threatened to interfere with InteraXon's investors. Defendants have also repeatedly alleged that InteraXon has acted in bad faith. These allegations and threats have created a justiciable controversy between InteraXon and Defendants. Accordingly, InteraXon brings this declaratory judgment action to free itself from Defendants' unwarranted allegations of patent infringement.

## THE PARTIES

2. InteraXon Inc. is a corporation incorporated under the laws of the Province of Ontario, with its principal place of business at 511 King Street West, Suite 303, Toronto, Ontario, Canada M5V 1K4.

3. InteraXon U.S., Inc. is a Delaware corporation, with its principal place of business at 66 Hudson Street, Suite 201, Hoboken, New Jersey 07030.

4. Collectively, InteraXon develops and creates brainwave sensing technologies, including products and services that provide a brain-controlled interface computing solution based on monitoring electric pulses emitted by neurons firing in the brain. These products and services include the MUSE brain sensing headband (the "MUSE Headband") used for meditation purposes.

5. Collectively, InteraXon imports the MUSE Headband and/or its components into the United States and sells the MUSE Headband throughout the United States.

DOCUMENT PREPARED ON RECYCLED PAPER

6. On information and belief, defendant NeuroTek, LLC ("NeuroTek") is a manager-managed Delaware limited liability company having its principal place of business at 1103 Hollendale Way, Goshen, Kentucky, 40026. On information and belief, NeuroTek also does business as Peak Achievement Training and maintains a website at http://www.peakachievement.com.

7. On information and belief, defendant MindWaves, Ltd. ("MindWaves") is a Kentucky limited partnership having its principal place of business at 1103 Hollendale Way, Goshen, Kentucky, 40026. On information and belief, NeuroTek owns or possesses a controlling interest in MindWaves.

8. On information and belief, NeuroTek, Peak Achievement Training, and/or MindWaves manufacture and sell performance enhancement biofeedback products under the Peak Achievement Trainer trademark.

9. On information and belief, defendant Jonathan D. Cowan ("Cowan") is the Manager and/or President and CTO of NeuroTek and a General Partner of MindWaves. On information and belief, Cowan resides at 1103 Hollendale Way, Goshen, Kentucky, 40026.

## JURISDICTIONAL STATEMENT

10. This action arises under the Declaratory Judgment Act, 28 U.S.C. § 2201, and under the patent laws of the United States, 35 U.S.C. §§ 100 *et seq*.

11. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1338(a), and 2201(a).

12. On information and belief, Defendants have committed acts within this judicial district giving rise to this action and have established minimum contacts with the forum such that the exercise of jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice.

13. On information and belief, Defendants' enforcement activities with respect to the '129 Patent in the State of California and within this district support personal jurisdiction.

14. On information and belief, Defendants have threatened patent litigation against at least one other company based in this district.

15. On information and belief, as a result of Defendants' prior threats of litigation, Defendants were parties to a declaratory judgment action in this district based on the '129 Patent. *NeuroSky, Inc. v. Neurotek, LLC et al.*, No. 3:09-CV-03831-MEJ (N.D. Cal. filed Aug. 20, 2009).

16. On information and belief, Defendants negotiated and executed a licensing agreement for the '129 Patent with NeuroSky, Inc., a company based in this district.

17. On information and belief, Defendants engaged patent counsel having an office in California to enforce the '129 Patent against InteraXon.

18. On information and belief, Defendants maintain a website at http://www.peakachievement.com, which is accessible to residents of California, including this district.

19. InteraXon stores MUSE Headbands, the product alleged by Defendants to infringe the '129 Patent, in only two United States warehouses, both of which are located in California.

20. All Muse Headbands are distributed to resellers throughout the United States, including California and this district, from one of the two California warehouses.

21. Also, online orders for Muse Headbands received through InteraXon's website, http://www.choosemuse.com ("Site"), are fulfilled by one of the two California warehouses for sales throughout the United States, including in California and this district.

22. InteraXon's customers and/or partners sell the MUSE Headband to retail customers through stores located in the district and InteraXon sells the MUSE Headband through its Site to customers in the district.

23. InteraXon has filed an Application for Registration for Sales Tax in the State of California as a result of nexus having been established in the State of California.

24. Defendants are subject to the Court's personal jurisdiction and venue is proper at least under at least 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

25. An immediate, real, and justiciable controversy exists between InteraXon and Defendants as to whether InteraXon is infringing or has infringed the '129 Patent.

**INTRADISTRICT ASSIGNMENT**

26. For purposes of intradistrict assignment under Civil Local Rules 3-2(c) and 3-5(b),

this Intellectual Property Action will be assigned on a district-wide basis.

**DEFENDANTS' THREATS TOWARD INTERAXON**

27.  Cowan is the named inventor of the United States Patent No. 5,983,129, entitled "Method for Determining An Individual's Intensity of Focused Attention and Integrating Same Into Computer Program," which issued November 9, 1999. According to assignment records at the United States Patent and Trademark Office ("USPTO"), Cowan assigned the '129 Patent to MindWaves, which subsequently assigned the '129 Patent to NeuroTek. The '129 Patent is attached as Exhibit A.

28.  Defendants hold themselves out as owners of the '129 Patent and possessing all rights relating to enforcement of the '129 Patent. On information and belief, one or more Defendants are owners and possess all rights relating to enforcement of the '129 Patent.

29.  On information and belief, on or about October 2013, Defendants made the existence of the '129 Patent known to InteraXon. Defendants accused InteraXon of infringing the '129 Patent, and "offered" licenses to InteraXon on separate occasions.

30.  On information and belief, on or about November 2, 2014, Defendants alleged that the MUSE Headband infringes the '129 Patent. Defendants further demanded that InteraXon "cease and desist" from allegedly infringing the '129 Patent. Defendants alternatively "offered" that InteraXon enter into a license agreement with Defendants based on a 7% royalty on all revenue "for current and future hardware and software sales."

31.  On information and belief, on or about March 23, 2015, Defendants revised their license "offer" to receive a 5% royalty rate.

32.  On information and belief, while discussions between the parties were ongoing, Defendants temporarily withdrew their cease and desist demand. However, on or about May 11, 2015, Defendants threatened to reinstate their cease and desist demand.

33.  On information and belief, on or about October 2, 2015, Defendants' patent counsel subsequently offered a license agreement to "permanently avoid the unpleasantries [sic] of litigation and serve to finally settle this matter."

34.  InteraXon, while disputing Defendants' allegations of patent infringement, views

Defendants' threats as imminent and significant.

35. InteraXon believes its products and services do not infringe any valid claim of the '129 Patent.

# FIRST COUNT

## (Declaration of Non-Infringement of the '129 Patent)

36. InteraXon restates the allegations set forth in paragraphs 1 - 35 and incorporates them by reference as though set forth fully herein.

37. InteraXon has not infringed and is not now infringing, directly or indirectly, literally or under the doctrine of equivalents, any valid claim of the '129 Patent.

38. InteraXon has not infringed and is not now infringing, directly or indirectly, literally or under the doctrine of equivalents, any valid claim of the '129 Patent because it does not perform every step of the claimed method in the United States. *NTP, Inc. v. Research In Motion, Ltd.*, 418 F.3d 1282 (Fed. Cir. 2005).

39. A substantial, immediate, and real controversy therefore exists between InteraXon and Defendants regarding whether InteraXon's products and services, including the MUSE headband, infringe or have infringed any valid claim of the '129 Patent. A judicial declaration is necessary to determine the parties' respective rights.

40. InteraXon seeks a judgment declaring that InteraXon's products and services, including the MUSE Headband, do not infringe any valid claim of the '129 Patent.

# SECOND COUNT

## (Declaration of Invalidity of the '129 Patent)

41. InteraXon restates the allegations set forth in paragraphs 1 - 40 and incorporates them by reference as though set forth fully herein.

42. On information and belief, each claim of the '129 Patent is invalid under 35 U.S.C. §§ 101, 102, 103 and/or 112.

43. On information and belief, the '129 Patent is invalid under 35 U.S.C. §§ 102 and/or 103 in view of one or more patents, including the following: U.S. Patent No. 5,377,100, U.S. Patent No. 5,024,235, U.S. Patent No. 5,724,987, and U.S. Patent No. 5,470,081.

44. A substantial, immediate, and real controversy therefore exists between InteraXon and Defendants regarding whether the '129 Patent is invalid. A judicial declaration is necessary to determine the parties' respective rights.

45. InteraXon seeks a judgment declaring that the '129 Patent is invalid.

## **PRAYER FOR RELIEF**

WHEREFORE, InteraXon prays for judgment and relief as follows:

1. Declaring that InteraXon is not liable for past or current infringement of the '129 Patent;

2. Declaring that each claim of the '129 Patent is invalid;

3. Declaring that judgment be entered in favor of InteraXon and against Defendants on each of InteraXon's claims;

4. Finding this case is exceptional under 35 U.S.C. § 285 and awarding InteraXon its reasonable attorneys' fees in connection with this action; and

5. Such further and additional relief as the Court deems just and proper in law and equity.

## **DEMAND FOR JURY TRIAL**

Jury trial demanded by Plaintiffs.

DOCUMENT PREPARED ON RECYCLED PAPER

Dated:  November 18, 2015

Respectfully submitted,

**NORTON ROSE FULBRIGHT US LLP**

BY */s/ David Ben-Meir*
　DAVID BEN-MEIR
　Attorneys for Plaintiffs
　INTERAXON INC. AND INTERAXON U.S., INC.

DAVID BEN-MEIR (CAL. BAR NO. 192028)
**NORTON ROSE FULBRIGHT US LLP**
555 South Flower Street
Forty-First Floor
Los Angeles, California 90071
Telephone:   (213) 892-9200
Facsimile:     (213) 892-9494
david.ben-meir@nortonrosefulbright.com

ROBERT GREESON (*pro hac vice application to be filed*)
**NORTON ROSE FULBRIGHT US LLP**
2200 Ross Avenue, Suite 3600
Dallas, Texas  75201-7932
Telephone:   (214) 855-8000
Facsimile:     (214) 855-8200
robert.greeson@nortonrosefulbright.com