UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTERAXON INC., et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>NEUROTEK, LLC, et al.,<br><br>    Defendants. | Case No. 15-cv-05290-PSG<br><br>**ORDER GRANTING-IN-PART MOTION FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT AND DENYING MOTIONS TO ENTER OR SET ASIDE DEFAULTS**<br><br>**(Re: Docket Nos. 26, 28, 30)** |

Earlier this month, the Clerk of Court granted Plaintiffs' motion to enter default as to Defendants NeuroTek, LLC and Mindwaves, Ltd., but the Clerk declined to enter default as to Defendant Jonathan Cowan.[1] Plaintiffs now move for reconsideration of the latter decision.[2] Meanwhile, Cowan moves for an extension of time to respond to Plaintiffs' complaint[3] and to set aside the defaults as to the corporate Defendants.[4]

Although Cowan still has "failed to plead or otherwise defend" within the meaning of Fed. R. Civ. P. 55(a), he has "appear[ed] and indicate[d] a desire to contest [the] action."[5] In keeping

---

[1] *See* Docket Nos. 18, 19, 20.

[2] *See* Docket No. 26. Although Plaintiffs cite to no Rule permitting such a motion, the court will interpret it as a renewed motion to enter default under Fed. R. Civ. P. 55(a). The latter may be directed to the court instead of to the Clerk of Court. *See In re Burchell Enters., Inc.*, Case No. 04-cv-05193, 2005 WL 1154302, at *1 (N.D. Cal. May 16, 2005) (citing *Breuer Elec. Mfg. Co. v. Toronado Sys. of Am., Inc.*, 687 F.2d 182, 185 (7th Cir. 1982)).

[3] *See* Docket No. 28.

[4] *See* Docket No. 30.

[5] *Rogovsky Enter., Inc. v. Masterbrand Cabinets, Inc.*, 88 F. Supp. 3d 1034, 1039-40 (D. Minn.

1  with "the policy of allowing cases to be tried on the merits,"[6] the court therefore exercises its
2  discretion to allow Cowan to proceed.  Plaintiffs' motion is DENIED, and Cowan's motion is
3  GRANTED-IN-PART.  He shall file any responsive pleading by April 8, 2016.
4       As to the remaining Defendants, however, Civ. L.R. 3-9(b) requires corporate entities to
5  "appear . . . through a member of the bar of this Court."  Because Cowan is not a member of this
6  court, he may not file motions on their behalf.  The corporate Defendants' motion to set aside their
7  defaults therefore is DENIED without prejudice.
8  **SO ORDERED.**
9  Dated: March 24, 2016

                                                    PAUL S. GREWAL
                                                    United States Magistrate Judge

---

2015) (quoting *Wendt v. Pratt*, 154 F.R.D. 229, 230 (D. Minn. 1994)); *see also* 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2682 (3d ed. 1998).

[6] *Rogovsky Enter.*, 88 F. Supp. 3d at 1040 (quoting *Wendt*, 154 F.R.D. at 230).

2

Case No. 15-cv-05290-PSG
ORDER GRANTING-IN-PART MOTION FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT AND DENYING MOTIONS TO ENTER OR SET ASIDE DEFAULTS