UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTERAXON INC., et al.,<br><br>   Plaintiffs,<br><br>  v.<br><br>NEUROTEK, LLC, et al.,<br><br>   Defendants. | Case No. 15-cv-05290-KAW<br><br>**ORDER REGARDING DISCOVERY LETTER BRIEFS**<br><br>Re: Dkt. Nos. 127, 130 |

Currently pending before the Court are Plaintiff InteraXon's discovery letter brief and Defendant Jonathan Cowan's response. (Dkt. Nos. 127, 130.) The Court deems the matter suitable for disposition without a hearing pursuant to Civil Local Rule 7-1(b). Having reviewed the papers filed by the parties and the relevant legal authority, the Court resolves the parties' discovery disputes as set forth below.

## I. BACKGROUND

Plaintiffs InteraXon and InteraXon U.S., Inc. (collectively, "InteraXon") filed this suit against Defendants NeuroTek, LLC, MindWaves, Ltd., and Dr. Jonathan D. Cowan (collectively, "Defendants") on November 18, 2015, seeking a declaration of non-infringement and a declaration of invalidity as to Patent No. 5,983,129 ("'129 Patent"). (Compl., Dkt. No. 1.) InteraXon manufactures the MUSE Headband. (Compl. ¶ 4.) Around October 2013, Defendants accused InteraXon of infringing on the '129 Patent, and offered to license it. (Compl. ¶ 29.) In November 2014, Defendants demanded that InteraXon "cease and desist" from infringing on the '129 Patent, or enter into a licensing agreement. (Compl. ¶ 30.) The parties began negotiations for a license, during which Defendants withdrew the cease and desist demand, but InteraXon alleges that Defendants threatened to reinstate that demand around May 2015. (Compl. ¶ 32.) InteraXon then

1  filed the instant suit.  Cowan has filed a counterclaim for infringement on the '129 Patent.

2  (Answer, Dkt. No. 63 ¶ 45.)

## II.      DISCUSSION

The parties' letters concern Cowan's Infringement Contentions, as required by Patent Local Rule 3-1.  Patent Local Rule 3-1 "governs the disclosure of asserted claims and infringement contentions ('ICs')."  *Shared Memory Graphics LLC v. Apple, Inc.*, 812 F. Supp. 2d 1022, 1024 (N.D. Cal. 2010).  It requires the party asserting infringement to: "(a) identify each claim that is being infringed; (b) identify each accused product for each claim; (c) provide a chart identifying *specifically where* each limitation of each asserted claim is found in each accused product; and (d) specify whether infringement is literal or based on the doctrine of equivalents."  *Id.*; *see also* Pat. L.R. 3-1.  To satisfy the rule, the party asserting infringement "is required to include in its infringement contentions all facts known to it, including those discovered in its pre-filing inquiry."  *Id.*  Further, the specificity required by Rule 3-1 "must be sufficient to provide reasonable notice to the defendant why the plaintiff believes it has a reasonable chance of proving infringement," and "to raise a reasonable inference that all accused products infringe."  *Id.* at 1025 (internal quotations omitted).  Thus, a patent holder "must map specific elements of [the] alleged infringing products onto the Plaintiff's claim construction."  *Id.*

First, Plaintiffs contend that Cowan has failed to provide a meaningful claim chart identifying where each limitation of each asserted claim is found within the accused infringing product.  (Dkt. No. 127 at 2.)  Cowan responds that he needs more information to comply, and seeks to complete all discovery before being required to modify his ICs.  (Dkt. No. 130 at 2, 5.)  Having reviewed the ICs, the Court finds that the ICs are not in compliance with Rule 3-1 as they fail to specify where the various components and software functions are found.  *Compare with Shared Memory Graphics*, 812 F. Supp. 2d at 1025-26 (finding sufficient specificity where the plaintiff identified specific chips which constituted particular elements of a claim, but that other contentions were too vague because they failed to specifically identify which structures constitute the display data distribution bus); *contrast with* Case No. C-14-775 EMC, *Grecia v. Apple Inc.*, 2015 WL 81893, at *2 (N.D. Cal. Jan. 5, 2015) (finding adequate ICs where the plaintiff defined

what the metadata was and its form, identified specific locations in the accused system that practiced the infringing steps of reading from and writing into the metadata (including exemplar screenshots), and explained how the read and write requests were made (including screenshots with detailed labels showing how the system prompts and confirms requests)).  Further, it is insufficient to state that the location is "a combination of the answers to 1A-E" as this requires Plaintiffs to guess as to what this "combination" is.  *See Finjan, Inc. v. Proofpoint, Inc.*, Case No. 13-cv-5808-HSG, 2015 WL 1517920, at *7 (N.D. Cal. Apr. 2, 2015) ("At a minimum, Finjan was required to expressly discuss the particular claim elements in each Claim and map those elements onto the features of the allegedly infringing products. . . . Neither the Court nor the Defendants should be required to guess which aspects of the accused products allegedly infringe each claim element.").  Cowan also provides no documentation in support of his theory of infringement, as required by Patent Local Rule 3-2.  As such, Cowan's ICs are inadequate.

Second, Plaintiffs argue that Cowan cannot assert the doctrine of equivalents without explaining why or how it applies. (Dkt. No. 127 at 4-5.)  Cowan does not respond.  The Court agrees that Cowan must describe his bases for asserting the doctrine of equivalents; otherwise, "[i]f a plaintiff does not have a factual basis to asset the doctrine of equivalents in its infringement contentions at that time, it should not do so.  It is improper to assert the doctrine of equivalents with generic 'placeholder' language on the hope that future discovery might support such an assertion." *Finjan*, 2015 WL 15174920, at *10.  In any case, if Cowan should later find, through discovery, sufficient evidence in support of this theory, Cowan can move the Court to amend his infringement contentions pursuant to Patent Local Rule 3-6 upon a showing of good cause.  *See id.* Therefore, in his revised ICs, Cowan must provide a basis for the doctrine of equivalents or the Court will strike the language asserting the doctrine of equivalents.

Finally, Plaintiffs challenge Cowan's failure to provide a chart or documentation with respect to the accused products other than the InteraXon Muse, which Cowan contends is the principal infringing product. (Dkt. No. 127 at 5; *see also* Cowan's Initial Patent Disclosures Revision 1A, Dkt. No. 127, Exh. 3 at 2.)  Cowan again does not respond.  In general, "a separate claim chart for each accused product is not mandatory under Patent Local Rule 3-1(c)." *Finjan*,

3

2015 WL 15174920, at *3. A combination chart is permissible "*if* each accused product allegedly infringes in the same way." *Id.* Here, the additional accused products cannot possibly infringe in the same way as the InteraXon Muse; Cowan himself describes the additional products as "specialized software for developers . . . which they can use to create and sell adaptions of the Muse software," while the InteraXon Muse is a physical product. (Cowan's Initial Patent Disclosures Revision 1A at 2.) Cowan's chart then explains that Claim 1A takes place in the EEG sensors attached to the Muse's band, a location that would not exist in the software products. (*See id.* at 3.) The InteraXon Muse and the software products are not functionally identical and there is no showing that they infringe on each claim in the same way. While Cowan may be able to provide a single chart for the software products (assuming Cowan makes an adequate showing that the software products are functionally identical and infringe Patent '129 in the same way), he cannot use a single chart for both the InteraXon Muse and the software products.

### III.   CONCLUSION

For the reasons stated above, the Court finds that Cowan's ICs are inadequate and not in compliance with the Patent Local Rules. Cowan is to provide revised ICs within **14 days** of the date of this Order. Until Cowan serves ICs that are compliant with the Patent Local Rules, the Court will not permit Cowan to seek discovery from InteraXon. The Court denies Cowan's request for sanctions and additional discovery.

IT IS SO ORDERED.

Dated: September 21, 2016

_____
KANDIS A. WESTMORE
United States Magistrate Judge