UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTERAXON INC., et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>NEUROTEK, LLC, et al.,<br><br>    Defendants. | Case No. 15-cv-05290-KAW<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO EXTEND DEADLINES AND VACATING HEARING DATE ON MOTION FOR DEFAULT JUDGMENT**<br><br>Re: Dkt. No. 72, 134 |

On May 2, 2016, Plaintiffs InteraXon Inc. and InterXon U.S., Inc. filed a motion for default judgment against Defendants NeuroTek, LLC and MindWaves, LTD. (Dkt. No. 72.) Plaintiffs' motion for default judgment is currently set for hearing on November 17, 2016. (Dkt. No. 113.) Plaintiffs have now filed a motion to extend the case deadlines until the Court rules on Plaintiffs' motion for default judgment. (Dkt. No. 134.) In support, Plaintiffs argue that "grant[ing] InteraXon's Motion for Default Judgment, i.e., finding the '129 Patent is not infringed and/or is invalid, [will allow this case to] be disposed of entirely over the short term—obviating the need to conduct expensive and time consuming discovery and claim construction." (*Id.* at 2.) In short, Plaintiffs essentially propose litigating the merits of this case through a motion for default judgment, in which Defendant Cowan is unable to participate because he cannot represent the corporate Defendants.

Per Federal Rule of Civil Procedure 54(b), "when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay . . . ." In the context of default judgments, the Supreme Court in *Frow v. De La Vega* held that "where a complaint alleges that defendants are jointly liable and one of them defaults, judgment should not

be entered against the defaulting defendant until the matter has been adjudicated with regard to all defendants." *In re First T.D. & Inv., Inc.*, 253 F.3d 520, 532 (9th Cir. 2001) (explaining *Frow v. De La Vega*, 82 U.S. 552 (1872)).  In *In re First T.D. & Investment, Inc.*, the Ninth Circuit extended the *Frow* principle to similarly-situated defendants, even if they were not jointly liable, in order to avoid inconsistent results.  There, a bankruptcy trustee filed an action against 132 investors-defendants; many of the defendants failed to answer and had default judgment entered against them, while several defendants did appear and had summary judgment entered in their favor.  *Id.* at 525, 532.  For every defendant, however, the central question was whether California Business and Professions Code § 10233.2 applied to the transaction between the defendant and the debtor.  *Id.* at 523, 532.  Although each defendant had entered into a separate transaction with the debtor, the Ninth Circuit explained that "each transaction . . . followed an identical pattern with almost identical legal documents" and "the central issue concerning each transaction was the same," such that "[a] result in which the bankruptcy court finds § 10233.2 applies to certain Defendants and not to others is both incongruous and unfair."  *Id.* at 532.  The Ninth Circuit therefore concluded that "the bankruptcy court violated the *Frow* principle and abused its discretion by entering final default judgments, pursuant to Fed.R.Civ.P. 54(b), that directly contradicted its earlier ruling in the same action."  *Id.* at 522-23.

The instant case is comparable to *In re First T.D. & Investment*.  Plaintiffs seek a declaratory judgment of non-infringement and invalidity of the '129 Patent, a central issue that is the same as to both Defendant Cowan and the corporate Defendants.  Plaintiffs themselves argue that granting the motion for default judgment against the corporate Defendants would allow the case to "be disposed of *entirely*" because the Court would have already found that the '129 Patent was not infringed and/or is invalid.  (Dkt. No. 134 at 2 (emphasis added).)  Applying the *Frow* principle, the Court cannot enter default judgment against the corporate defendants "until the matter has been adjudicated with regard to" Defendant Cowan.  Otherwise, the Court will either risk entering contradictory judgments or effectively prevent Defendant Cowan from adjudicating this case on the merits.

For those reasons, the Court DENIES Plaintiffs' motion to extend the case deadlines until

after the motion for default judgment is decided. Further, the Court finds it appropriate to have the motion for default judgment heard after the merits of the instant case are determined. The Court therefore VACATES the November 17, 2016 hearing date, and will set a hearing date for the motion for default judgment at a later date.

IT IS SO ORDERED.

Dated: September 27, 2016

_____
KANDIS A. WESTMORE
United States Magistrate Judge