UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTERAXON INC., et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>NEUROTEK, LLC, et al.,<br><br>    Defendants. | Case No. 15-cv-05290-KAW<br><br>**ORDER DENYING MOTION FOR 28 U.S.C. § 1927 SANCTIONS**<br><br>Re: Dkt. Nos. 124, 134 |

On August 8, 2016, Plaintiffs InteraXon Inc. and InteraXon U.S., Inc. (collectively, "InteraXon") filed a motion for recovery of excessive costs pursuant to 28 U.S.C. § 1927 against Defendant Jonathan D. Cowan. (Plfs.' Mot., Dkt. No. 124.) The Court deems the matter suitable for disposition without hearing pursuant to Civil Local Rule 7-1(b) and VACATES the hearing currently set for October 6, 2016. Having considered the papers filed by the parties and the relevant legal authority, the Court DENIES the motion, for the reasons set forth below.

## I. BACKGROUND

Plaintiffs manufacture the MUSE Headband. (Compl. ¶ 4, Dkt. No. 1.) On November 18, 2015, Plaintiffs filed the instant suit against Defendants NeuroTek, LLC, MindWaves, Ltd., and Dr. Jonathan D. Cowan (collectively, "Defendants") on November 18, 2015, seeking a declaration of non-infringement and a declaration of invalidity as to Patent No. 5,983,129 ("'129 Patent"). (Compl. ¶ 1.) Cowan in turn has filed a counterclaim for infringement on the '129 Patent. (Answer ¶ 45, Dkt. No. 63.) The corporate Defendants have not appeared in this case, and default has been entered as to those Defendants. (Dkt. Nos. 18, 19.)

Plaintiffs now move to recover reasonable costs and attorney's fees incurred in responding to various filings by Cowan, including multiple motions for sanctions and repeated attempts to

represent the corporate Defendants. (Mot. at 4.) Plaintiffs also request that the Court require that Cowan seek leave from the Court before filing any more motions. (*Id.* at 4-5.) Cowan filed an opposition on August 23, 2016. (Def.'s Opp'n, Dkt. No. 129.) Plaintiffs filed their reply on August 29, 2016. (Plf.'s Reply, Dkt. No. 131.)

## II. STANDARD OF REVIEW

28 U.S.C. § 1927 addresses counsel's liability for excessive costs and provides: "Any attorney or other person admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." The Ninth Circuit has found that § 1927 sanctions may be awarded against pro se litigants. *Wages v. IRS*, 915 F.2d 1230, 1235-36 (9th Cir. 1990).

Sanctions imposed under § 1927 require "a finding of recklessness or bad faith." *Fink v. Gomez*, 239 F.3d 989, 993 (9th Cir. 2001) (citing *Barber v. Miller*, 146 F.3d 242, 246 (5th Cir. 1998) (internal quotations omitted). The Ninth Circuit has held that "[b]ad faith is present when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." *Estate of Blas v. Winkler*, 792 F.2d 858, 860 (9th Cir. 1986). To impose sanctions under § 1927, "if a filing is submitted recklessly, it must be frivolous." *In re Keegan Mgmt. Co.*, 78 F.3d 431, 436 (9th Cir. 1996).

## III. DISCUSSION

Plaintiffs argue that Cowan's motions for sanctions were brought in bad faith, attaching various e-mails in which Cowan demanded a large settlement in exchange for not filing or withdrawing his motions for sanctions. (*E.g.*, Plfs.' Mot., Exhs. 5 ("I am therefore looking forward to a very reasonable offer that strikes a good middle ground to allow us to settle this quickly and avoid embarrassing your firm in front of your Clients and the Court"), 6 ("You should be putting some serious money on the table from both [Plaintiffs' counsel] and InteraXon to settle this before the CMC, when it will be too late to withdraw my Motion for Sanctions. This will not reflect well on your budding career in any case, but even more so if there is a huge Sanction (or two) and the attendant publicity. I am currently taking this to the next level"), 8 ("It is time for the management

of [Plaintiffs' counsel] to step in and initiate an investigation, while we can still settle and I can quietly withdraw my Motion for Sanctions, and not file additional Motions for Sanctions").[1]) Plaintiffs also contend that Cowan's attempt to argue on behalf of the corporate Defendants, despite Judge Grewal's order that Cowan "may not file motions on their behalf," is unreasonable and vexatious. (Plfs.' Mot. at 11.) Cowan responds that Plaintiffs' case itself is frivolous, and that his prior motions for sanctions were well-founded. (Def.'s Opp'n at 7-9, 12-13.) Not so. The Court has already denied those motions. (Dkt. Nos. 114, 121.) Further, Cowan argues that he was not trying to appear on behalf of the corporate Defendants, only argue for their "interests without making an appearance for them." (*Id.* at 11.)

The Court finds that Cowan's filings were made in bad faith. With respect to Cowan's motions for sanctions, Cowan made clear in his e-mails that they were meant to harass Plaintiffs into settling, demanding larger amounts of money in exchange for withdrawing his motions for sanctions. (*See* Plfs.' Mot., Exhs. 6, 7 (stating that Plaintiffs' counsel "needed to be taught a further lesson about how to conduct yourselves in a Court of Law" and writing another sanctions motion asking for $25 million), 8 ("The more difficult you make this process, the more likely it is that I will spend a lot of time and effort discrediting [Plaintiffs' counsel] and InteraXon . . . . I will continue to communicate with you and the attorneys of record until you see the wisdom of engaging in a real settlement dialogue with considerable sums of money from both firms on the table"), 9.) As to Cowan's attempts to represent Defendants, this is – as previously stated by the Court – not permitted. (*See* Dkt. No. 45 at 2, Dkt. No. 113 at 1.) While Cowan contends that this Court simply failed to understand the "distinction" he was making in that he should "be allowed to argue for all the Defendants' interests without making an appearance for them," this is a distinction

---

[1] Cowan objects to Exhibits 4, 5, 8, and 9 as being protected under Federal Rule of Evidence 408. Rule 408 prohibits the use of compromise offers and negotiations "either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction." Here, Plaintiffs introduce the e-mails not to prove the merits of the claim or to impeach, but to showcase Cowan's behavior and why it is sanctionable. The Court therefore overrules Cowan's objections. In addition, the Court notes that on at least one occasion, the communication from Cowan was sent directly to Plaintiffs instead of to Plaintiffs' counsel. (Plfs.' Mot., Exh. 9.) Going forward, all communications during this litigation shall be sent to Plaintiffs' counsel.

without a difference.  (*See* Def.'s Opp'n at 11.)  Cowan cannot argue on behalf of another party without, as a practical matter, representing them, and the corporate Defendants' interests cannot be represented by a non-attorney.  Civil Local Rule 3-9(b); *see also U.S. Commodity Futures Trading Comm'n v. Castillo*, No. 06-2540 TEH, 2007 WL 2088372, at *1 (N.D. Cal. July 19, 2007) ("that a corporation must be represented by licensed counsel has been well-established by Supreme Court precedent and is not only a requirement of this Court's local rules").

The Court, however, exercises its discretion under § 1927 and will not impose sanctions at this time because Cowan is acting pro se.  The Court strongly disapproves of Cowan's behavior, and Cowan is not to use the Court to threaten or harass Plaintiffs by filing frivolous or unwarranted motions.  (*E.g.*, Plfs.' Mot., Exh. 8 ("Imagine this scenario.  The Judge declares that you have a baseless case that was never properly investigated, and finds multiple Rule 11 violations.  She penalizes you, InteraXon, and individuals from your firm several million dollars for your Rule 11 violations.  My next move will be to write several articles for legal journals and OpEd pieces about how large firms take advantage of the legal system, and how this inept approach backfired").  Cowan is forewarned that the Court will impose sanctions should it find that Cowan is continuing to use the Court to harass Plaintiffs; this includes unnecessary and excessive discovery.  (*See* Plfs.' Mot., Exh. 9 (listing discovery Cowan intends to conduct and concluding, "Ask Naseem to give you a ballpark figure as to how much you would be committing to spend if you don't settle")).  Further, Cowan is not to attempt to represent the corporate Defendants in **any** context (including settlement[2]), including by making arguments on their behalf.  The corporate Defendants must be represented by an attorney.

The Court also declines to enjoin Cowan from making any future filings without leave of the Court.  Since the Court denied Cowan's various motions, Cowan has not filed any additional papers other than responses to the instant motion and a discovery letter.  Should Cowan again file unwarranted motions, however, the Court will consider imposing a pre-filing requirement on

---

[2] The Court expects Cowan to participate in meaningful settlement negotiations on his own behalf before Judge Vadas, as ordered.  (*See* Dkt. No. 100 (referring case to Magistrate Judge for settlement conference to be held within the next 90 days, or as soon thereafter is convenient for the judge).)

4

Cowan.

## IV.   CONCLUSION

For the reasons stated above, the Court DENIES Plaintiffs' motion for § 1927 sanctions. Cowan is forewarned that future use of the Court to harass or threaten Plaintiffs or attempts to represent the corporate Defendants will subject him to sanctions.  Again, the Court recommends that Cowan contact the Federal Pro Bono Project's Help Desk—a free service for pro se litigants—by calling (415) 782-8982.  The Court has also adopted a manual for use by pro se litigants, which may be helpful to Cowan.  This manual, and other free information, is available online at: http://cand.uscourts.gov/proselitigants.

IT IS SO ORDERED.

Dated: September 28, 2016

_____
KANDIS A. WESTMORE
United States Magistrate Judge