UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTERAXON INC., et al.,<br><br>   Plaintiffs,<br><br>  v.<br><br>NEUROTEK, LLC, et al.,<br><br>   Defendants. | Case No. 15-cv-05290-KAW<br><br>**ORDER LIFTING STAY; GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO AMEND; DENYING DEFENDANT'S MOTION TO POSTPONE AND MOTION TO STRIKE; REGARDING DISCOVERY LETTERS**<br><br>Re: Dkt. Nos. 141, 144, 146, 147, 149, 158 |

Currently pending before the Court are: (1) Plaintiffs InteraXon Inc.'s and InteraXon U.S., Inc.'s (collectively, "InteraXon") motion for leave to file a first amended complaint; (2) Defendant Jonathan D. Cowan's discovery letter regarding production of documents pursuant to Patent Local Rule 3.4(a); (3) Defendant's motion to postpone deadlines; (4) Plaintiffs' second discovery letter brief regarding the adequacy of Defendant's infringement contentions; (5) Defendant's motion to strike Plaintiffs' second discovery letter brief and preliminary claim constructions; and (6) Defendant's motion to expand page limits. The Court deems these matters suitable for disposition without a hearing pursuant to Civil Local Rule 7-1(b). Having reviewed the papers filed by the parties and the relevant legal authority, the Court resolves the parties' numerous disputes as set forth below.

## I. BACKGROUND

Plaintiffs filed the instant suit against Defendants NeuroTek, LLC, MindWaves, Ltd., and Dr. Jonathan D. Cowan (collectively, "Defendants") on November 18, 2015, seeking a declaration of non-infringement and a declaration of invalidity as to Patent No. 5,983,129 ("'129 Patent"). (Compl., Dkt. No. 1.) InteraXon manufactures the MUSE Headband. (Compl. ¶ 4.) Around

1   October 2013, Defendants accused InteraXon of infringing on the '129 Patent, and offered to
2   license it. (Compl. ¶ 29.) In November 2014, Defendants demanded that InteraXon "cease and
3   desist" from infringing on the '129 Patent, or enter into a licensing agreement. (Compl. ¶ 30.) The
4   parties began negotiations for a license, during which Defendants withdrew the cease and desist
5   demand, but InteraXon alleges that Defendants threatened to reinstate that demand around May
6   2015. (Compl. ¶ 32.) InteraXon then filed the instant suit. Cowan has filed a counterclaim for
7   infringement on the '129 Patent. (Answer, Dkt. No. 63 ¶ 45.)

## II. DISCUSSION

### A. Order Lifting Stay

On October 26, 2016, the Court stayed the case pending the appointment of pro bono counsel for the limited purpose of representing Defendant in the course of settlement. (Dkt. No. 161.) The stay was to last until four weeks after the appointment of counsel. Counsel was appointed on November 3, 2016. (Dkt. No. 162.) As more than four weeks have passed, the Court LIFTS the stay on this case. This is separate from the discovery stay that the Court imposed on Defendant for failure to provide adequate infringement contentions. (Dkt. No. 135 at 4.) As discussed below, the discovery stay will remain in place.

### B. Plaintiffs' Motion to File a First Amended Complaint

On October 5, 2016, Plaintiffs moved for leave to file a first amended complaint for declaratory judgment of non-infringement. (Dkt. No. 141.) Defendant did not file an opposition.

Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend a complaint should be "freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). The courts consider five factors when determining whether leave to amend should be granted: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment[,] and (5) whether plaintiff has previously amended his complaint." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). Not all factors carry equal weight. *Eminence Capital, LLC*, 316 F.3d at 1052. Prejudice to the opposing party must be given the greatest weight. *Id.* Absent prejudice, or a strong showing of bad faith, undue delay, or futility of

amendment, there exists a presumption under Rule 15(a) in favor of granting leave to amend. *Id.* (citation omitted).

Here, Plaintiffs seek to add allegations incorporating Defendant's counterclaims, as well as additional allegations regarding invalidity. (Proposed First Amended Compl. at ¶¶ 37, 39, 43-45, 50-59.) Plaintiffs also seek to add new causes of action for: (1) recovery of attorney's fees under 35 U.S.C. § 285, and (2) sanctions under 28 U.S.C. § 1927 and/or Federal Rule of Civil Procedure 11. (*Id.* at ¶¶ 62-89.)

The Court GRANTS IN PART and DENIES IN PART Plaintiffs' motion. Plaintiffs are permitted to add the allegations regarding Defendants' counterclaims and invalidity, as Defendant has not opposed Plaintiffs' motion or suggested there is prejudice, bad faith, or undue delay. The Court finds, however, that Plaintiffs' proposed new causes of action are futile. An assertion of an "exceptional case" under 35 U.S.C. § 285 is not a separate cause of action, and "[t]herefore, [Plaintiffs] should not be permitted to include a separate count based on exceptional case, or the allegations underlying that nonexistent cause of action." *Nycomed U.S. Inc. v. Glenmark Generics Ltd.*, No. 08-CV-5023 (CBA)(RLM), 2010 WL 1257803, at *3 (E.D.N.Y. Mar. 26, 2010) (denying leave to add separate cause of action, but permitting adding a demand for attorney's fees under section 285 in the complaint's prayer for relief); *see also Aventis Cropscience, N.V. v. Pioneer Hi-Bred Int'l, Inc.*, 294 F. Supp. 2d 739, 743 (M.D.N.C. 2003) ("defendants' Section 285 attorney fees request is not a separate, surviving and independent cause of action, but rather a collateral or ancillary issue which is dependent on the main action"). Plaintiffs have already requested attorney's fees under section 285 in their prayer for relief, and no further amendment is required. (*See* Compl. at 7, Dkt. No. 1.) Similarly, courts have found that sanctions under 28 U.S.C. § 1927 and Federal Rule of Civil Procedure 11 are not separate causes of action. *See Flynn v. Liner Grode Stein Yankelevitz Sunshine Regenstreif & Taylor LLP*, No. 3:09-cv-422-PMP-RAM, 2010 WL 4339368, at *10 (D. Nev. Oct. 15, 2010) ("Section 1927 does not contain an explicit right of action. Moreover, § 1927's plain text suggests Congress did not intend to imply a private right of action"); *Glannon v. Garrett & Assocs., Inc.*, 261 B.R. 259, 268 (D. Kan. 2001) ("Several courts have determined that section 1927 is not an independent cause of action and must

be raised as part of the proceedings in front of the judge who witnessed the conduct at issue"); *Kraus Indus., Inc. v. Moore*, No. 06-542, 2007 WL 2744194, at *10 (W.D. Penn. Sept. 18, 2007) ("Federal Rule of Civil Procedure 11 does not provide for a separate and distinct cause of action"); *Turner v. Lerner, Sampson & Rothfuss*, 776 F. Supp. 2d 498, 511 (N.D. Ohio 2011) ("Federal Rule of Civil Procedure 11 . . . does not create a separate cause of action, but rather, creates a means of punishing misconduct in a pending action").  Thus, Plaintiffs will not be permitted to add the causes of action for attorney's fees and sanctions, or the underlying allegations thereon.

### C. Defendant's Motion to Postpone Deadlines

On October 8, 2016, Defendant filed a notice of unavailability, and requested that deadlines be postponed.  (Dkt. No. 146.)  Defendant's motion is DENIED as moot; at the October 18, 2016 case management conference, the Court stayed all deadlines.  (Dkt. No. 156.)  Thus, no postponement is required.

### D. Plaintiffs' Second Discovery Letter Brief

On October 10, 2016, Plaintiffs filed their second discovery letter brief, contending that Defendant's infringement contentions are still inadequate.  (Dkt. No. 147.)  Pursuant to the Court's order, Defendant filed his opposition on October 20, 2016.  (Dkt. No. 157.)

With respect to independent claim 1, Plaintiffs argue that the infringement contentions do not adequately specify where the various components and software functions are found.  (Dkt. No. 147 at 2.)  Having reviewed the infringement contentions, the Court determines that, particularly given that Defendant is a pro se litigant, the infringement contentions for independent claim 1 appear to be adequate.  For example, Plaintiffs point to the Independent Claim 1C answer, which states in relevant part: "The system's microprocessor performs the necessary calculations, supported by other components in the processing system.  The specifically matched software which the microprocessor runs to create these calculations is provided by InteraXon."  (Infringement Contentions at 3-4, Dkt. No. 143-1.)  Plaintiffs argue that Defendant fails to "meaningfully identify the . . . 'necessary calculations,' 'other components,' or 'specifically matched software.'"  In comparing the infringement contention with the patent, however, it appears that the "necessary calculations" refers to Independent Claim 1C's "subtracting said

4

representative reference signal from said representative frontal lobe brainwave signal to produce a difference frontal lobe brainwave signal, and processing said difference frontal lobe signal to produce an AIndicator signal . . . ." ('129 Patent at 12:65-13:2, Dkt. No. 1-1.) "Specifically matched software" would seem to refer to a software application provided by Plaintiffs, which must be downloaded onto the user's computing system – *i.e.*, a smartphone, computer, or tablet – in order to use the Muse. "Other components," meanwhile, seems to refer to components in the user's computing system which are required to make the computing system work. Assuming the Court's understanding is correct, the Court finds that the infringement contentions for independent claim 1 are sufficient. If the Court's understanding is not correct, however, Defendant must amend his infringement contentions to add further specificity; failure to do so will be construed as agreement with the above characterization.

Although the Court finds that the infringement contentions for independent claim 1 are adequate, the Court concludes that the infringement contentions for the dependent claims are not. The Court previously found that Defendants' statement of "A combination of the answers to 1A-E" was inadequate because it required Plaintiffs to guess as to how such answers may be combined. (Dkt. No. 135 at 3.) Defendant's amended infringement contentions now seek to "incorporate" the answers to 1A-1E; this is no more specific than Defendant's prior infringement contentions. (Infringement Contentions at 4-5.) Even if the dependent claims include answers from Independent Claims 1A-E, combining or incorporating prior answers fails to adequately specify where that dependent step takes place. For example, as to dependent claim 9 ("where the step of processing said difference frontal lobe brainwave signal includes rejecting eye movement and other artifacts"), it is not clear how this step of *processing* would be performed in every location identified in the infringing product in Independent Claims 1A-D, such as the sensors on the Muse's band (1A), the electrically conducting part of the sensors (1B), or the interface between the systems and a device that displays the precalculated Attention Indicator values to the user (ID). Defendant must provide infringement contentions that do not incorporate, rely upon, or depend on prior answers in any way, and are properly limited to show where the dependent claim at issue is alleged to take place in the accused infringing product.

Plaintiffs also argue that the infringement contentions fail to adequately explain any theory of indirect infringement, but instead appear to show that Claims 1A and 1B are performed by the Muse (constituting direct infringement) while Claims 1C, 1D, and 1E are performed by another entity, such as the user's computer (constituting indirect infringement). (Dkt. No. 147 at 3.) Per Defendant's opposition, that appears to be precisely what Defendant is alleging, except that Claim 1E is a combination of both direct and indirect infringement since it repeats all other steps. (Dkt. No. 157 at 3-4.) Thus, no one entity performs every step of Claim 1.

In addition, Plaintiffs challenge Defendant's contentions regarding the doctrine of equivalents, arguing that it simply repeats the claim language. (Dkt. No. 147 at 4.) Defendant does not respond to Plaintiffs' argument. (*See* Dkt. No. 157.) Upon review of the infringement contentions, it seems that Defendant himself does not believe that the doctrine of equivalents is applicable in this case, as he asserts that the processing would directly meet Claim 1C "without the need to apply the doctrine of equivalents[; Defendant] mention[s] it here because [Defendant] anticipate[s] that the Plaintiff, driven by desperation, will argue to the contrary." (Infringement Contentions at 7.) Accordingly, the Court will strike Defendant's contentions regarding the doctrine of equivalents. If Defendant should later find, through discovery, sufficient evidence in support of a doctrine of equivalents theory, Defendant may move the Court to amend his infringement contentions pursuant to Patent Local Rule 3-6, upon a showing of good cause. *See Finjan, Inc. v. Proofpoint, Inc.*, Case No. 13-cv-5808-HSG, 2015 WL 15174920, at *10 (N.D. Cal. Apr. 2, 2015).

Finally, the Court finds that Defendant is correct that Patent Local Rules 3-1 and 3-2 do not require the production of documents demonstrating his infringement theory.

Defendant is to provide revised infringement contentions consisting with the discussion above within **14 days** of the date of this Order. Because Defendant's infringement contentions are not in compliance with the Patent Local Rules, the discovery stay will remain in place and Defendant will not be permitted to seek discovery from Plaintiffs. The Court denies Defendant's request for sanctions and additional discovery.

6

### E. Defendant's Motion to Strike Plaintiffs' Discovery Letter and Preliminary Claim Construction

On October 11, 2016, Defendant filed a motion to strike Plaintiffs' discovery letter brief and preliminary claim constructions for failure to meet and confer. (Dkt. No. 149.) On October 12, 2016, Plaintiffs filed an opposition. (Dkt. No. 152.) The Court DENIES Defendant's motion.

With respect to Plaintiffs' discovery letter brief, the Court finds that the parties adequately met and conferred prior to Plaintiffs filing their discovery letter brief. (*See* Dkt. No. 152, Exh. 1.) While it would be preferable for the parties to file a joint discovery letter following the requirements of the Court's standing order, the Court has previously allowed the parties to file separate discovery letters, in light of Defendant's pro se status. (*See* Dkt. No. 128.) Moreover, Defendant was given the opportunity to respond in full to Plaintiffs' discovery letter. (Dkt. Nos. 153, 157.) Therefore, the Court declines to strike Plaintiffs' discovery letter brief.

With respect to Plaintiffs' preliminary claim constructions, the Court finds that Plaintiffs were not required to meet and confer prior to exchanging preliminary claim constructions. Patent Local Rule 4-1(a), which concerns the exchange of claim terms, does not require the parties to meet and confer. Defendant instead relies on Patent Local Rule 4-1(b), which requires a meet and confer *after* the parties have exchanged their preliminary claim constructions. Accordingly, the Court declines to strike Plaintiffs' preliminary claim constructions.

### F. Defendant's Discovery Letter Brief

On October 7, 2016, Defendant filed a discovery letter brief seeking to enforce Patent Local Rule 3-4(a), and seeking "requirements, specifications, scripts, formulas, and artwork . . . along with all 'other documentation sufficient to show that the operation of any aspect or elements of an Accused Instrumentality identified by the patent claimant in its Patent L.R. 3-1(c) chart." (Dkt. No. 144.) Pursuant to the Court's order, Plaintiffs filed their opposition on October 21, 2016. (Dkt. No. 159.)

The Court DENIES Defendant's request that Plaintiffs produce the requested documents. First, because Defendant's infringement contentions are still not adequate, the discovery stay imposed on Defendant is still in place. Second, Plaintiffs represent that they have already produced the documentation sought by Defendant, and have made other documents – *i.e.*, source

7

code – available for Defendant to inspect. (Dkt. No. 159 at 3.) While Defendant contends that Plaintiffs should e-mail him these additional documents, rather than requiring him to make a trip to inspect the documents, Plaintiffs are under no such obligation. Federal Rule of Civil Procedure 34 states that absent objections, a response to a request for production "must . . . state that *inspection* and related activities will be permitted as requested," although "[t]he responding party *may* state that it will produce copies of documents or of electronically stored information instead of permitting inspection." (Emphasis added.) In short, a party is not required to produce copies of documents or electronically stored information in lieu of permitting an inspection.

### G. Defendant's Motion for Administrative Relief to Expand Page Limits

Finally, on October 20, 2016, Defendant requested that the Court issue "general Orders" requiring Plaintiffs to answer Defendant's request for production, or to allow each side to file discovery letter briefs of 15 pages. (Dkt. No. 158.) On October 21, 2016, Plaintiffs filed an opposition. (Dkt. No. 159.)

The Court DENIES Defendant's request. First, the Court will not issue any "general orders." Second, as discussed above, the discovery stay imposed on Defendant remains in place. Third, Defendant has not provided any specific reasons why discovery letter briefs of 15 pages are required to resolve any ongoing dispute; Defendant only argues generally that Plaintiffs did not provide adequate responses, without identifying specific documents (with the exception of sales and financial information) that Defendant contends needs to be provided.

Once Defendant has filed adequate infringement contentions and the stay is lifted, the parties are to meet and confer to determine what documents Defendant believes must still be produced, and to narrow any outstanding disputes. Defendant should, if possible, seek guidance from his pro bono counsel. After the parties have determined what disputes remain and how many pages are required to present the dispute to the Court, the parties may request a page extension.[1]

---

[1] The parties are **not** permitted to file discovery letter briefs on every single request; the parties may file one discovery letter brief per *set* of requests (*i.e.*, one letter concerning disputes over five requests contained in a single set of requests for production, not five letters concerning disputes over five requests contained in a single set of requests for production).

### III.  CONCLUSION

For the reasons stated above, the Court: (1) LIFTS the stay on the instant case; (2) GRANTS IN PART and DENIES IN PART Plaintiffs' motion for leave to file an amended complaint; (3) DENIES Defendant's motion to postpone the deadlines as moot; (4) finds that Defendant's infringement contentions are inadequate and not in compliance with the Patent Local Rules, and that Defendant is not permitted to seek discovery from Plaintiffs until Defendant serves infringement contentions that are in compliance with the Patent Local Rules; (5) DENIES Defendant's motion to strike Plaintiffs' discovery letter and preliminary claim construction; (6) DENIES Defendant's discovery letter brief request that Plaintiff produce documents pursuant to Patent Rule 3-4(a); and (7) DENIES Defendant's motion for administrative relief to expand page limits.

IT IS SO ORDERED.

Dated: January 3, 2017

KANDIS A. WESTMORE
United States Magistrate Judge